UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

**CRIMINAL ACTION NO. 7:24-CR-24-KKC**

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

V.                                         **PLEA AGREEMENT**

**ISAIAH HARRELL,**                                                           **DEFENDANT**
aka JAY

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to a lesser included offense of Count One (Count One) and to Count Two of the Indictment as charged (Count Two). Specifically, as to Count One, the Defendant will plead to a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, both Schedule II controlled substances. Count Two charges a violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking offense. Pursuant to Rule 11(c)(1)(A), the United States agrees not to bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count One are:

1

(a) The Defendant knowingly or intentionally possessed a mixture or substance containing a detectable amount of methamphetamine, and a mixture or substance containing a detectable amount of fentanyl, both Schedule II controlled substances;

(b) The Defendant intended to distribute the mixture or substance containing a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of fentanyl; and

(c) The offense involved a quantity of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 40 grams or more of a mixture or more of a mixture or substance containing a detectable amount of fentanyl.

The essential elements of Count Two are:

(a) The defendant committed the crime of possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, which may be prosecuted in a court of the United States;

(b) The defendant knowingly possessed a firearm;

(c) The possession of the firearm was in furtherance of the aforementioned trafficking offense.

3. As to Counts One and Two, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about September 30, 2024, in Pike County, in the Eastern District of Kentucky, the Defendant possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 40 grams or more of a mixture containing a detectable amount of fentanyl, both Schedule II controlled substances.

(b) Specifically, on this date, law enforcement conducted a traffic stop in the Sidney community of Pike County, Kentucky. The Defendant was observed by law enforcement seated in the front passenger seat with a bag between his

2

JCC    IH

feet. A subsequent search of the bag revealed approximately 2.5 pounds of a methamphetamine mixture and approximately 79 grams of a fentanyl mixture. A search of the Defendant's person revealed a loaded 9mm Glock handgun tucked in his waistband and approximately $1,374.00 in U.S. currency. The Defendant acknowledged that he knew the drugs were in the vehicle and that he brought them to Kentucky.

4. The statutory punishment for Count One is imprisonment for not less than 5 years and not more than 40 years imprisonment, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. The statutory punishment for Count Two is not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release. A mandatory special assessment of $200.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) United States Sentencing Guidelines (U.S.S.G.), manual in effect at the time of sentencing will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to

JLC
IH

U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Superseding Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or

*JLC*
*IM*

judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that may have already submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

*JLC*
*IH*

|  |  |
|---|---|
| Date: 6/12/25 | PAUL C. McCAFFREY<br>ACTING UNITED STATES ATTORNEY<br><br>By: _/s/_<br>Justin E. Blankenship<br>Assistant United States Attorney |
| Date: 6-9-25 | _Isaiah Harrell_<br>Isaiah Harrell<br>Defendant |
| Date: 6-9-25 | _/s/_<br>Jeremy Clark<br>Attorney for Defendant |

JLC
IH